UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-153-F

| | |
|---|---|
| BARBARA GOODMAN,<br>           Plaintiff,<br><br>           v.<br><br>DWIGHT BARBER, individually and in his official capacity as a deputy with the Sampson County Sheriff Department,<br>           Defendant. | <u>O R D E R</u> |

This matter is before the court on motion [DE-16] of the defendant, DeWayne Barber,[1] to dismiss this action, in part, as to the plaintiff's § 1983 claim, insofar as it is based on the Fifth or Eighth Amendments of the United States Constitution (Claim Two – partial); her claim(s) based on the doctrine of *respondeat superior* (Claim One), and her claims based on the North Carolina Constitution.[2] Barber filed a memorandum of law in support of his partial motion to dismiss. He also filed an Answer [DE-18] to the Amended Complaint [DE-15].

The plaintiff, Barbara Goodman ("Goodman"), through counsel, filed a motion [DE-19] for extension of time to respond to the motion to dismiss. That motion was allowed by order [Text Order of October 11, 2011], extending the response deadline to October 31, 2011. To date, no response or further motion for extension of time has been filed.[3]

---

[1] Sampson County Deputy Sheriff, DeWayne Barber, suggests that the plaintiff mistakenly referred to him as "Dwight" Barber.

[2] Goodman alleged as ¶ 22 in her Amended Complaint, under Second Claim for Relief, 42 U.S.C. § 1983, that, "By his actions as an express and/or implied agent of Sampson County Sheriff Office, said law enforcement officer violated the plaintiff's rights guaranteed under the N.C. Constitution, Art. I, secs. 19, 20, 21, 35 & 36." Amended Complaint [DE-15], ¶ 22.

[3] On December 23, 2011, Goodman filed a "Financial Disclosure Statement" [DE-23] for "Jimmy Taylor," indicating he is a plaintiff. However, Goodman is the only named plaintiff

For the reasons stated therein, the defendant's uncontested motion for partial dismissal [DE-16] of Goodman's Amended Complaint [DE-15] is ALLOWED , insofar as it is based on the Fifth or Eighth Amendments of the United States Constitution (Claim Two – partial); her claim(s) based on the doctrine of *respondeat superior* (Claim One); and her claim(s) based on the North Carolina Constitution (Claim Two, ¶ 22). Barber's Motion to Dismiss in Part [DE-8] filed on August 23, 2011, with regard to the original Complaint is DENIED as MOOT.

As to the remaining claims, the Clerk of Court is DIRECTED to continue management of this case according to the practices and procedures of this district.

SO ORDERED.

This, the 27th day of December, 2011.

    James C. Fox
JAMES C. FOX
Senior United States District Judge

---

in this action.