# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
# NO: 7:11-CV-00153-F

| | |
|---|---|
| BARBARA GOODMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEWAYNE BARBER, )<br>individually and in his official capacity )<br>as a deputy with the Sampson County )<br>Sheriff's Office, and )<br>OHIO CASUALTY INSURANCE, )<br>)<br>Defendants. ) | **ORDER** |

This cause comes before the Court on Plaintiff's motion for extension of time to complete discovery (DE-30), opposed by Defendants (DE-31). Defendants ask the Court to quash the subpoenas served on them after expiration of the discovery deadline. (DE-32). Movant Earl R. Butler, Sheriff of Cumberland County, North Carolina, likewise requests the Court modify or quash the subpoena served upon him. (DE-36). Alternatively, Defendants and Sheriff Butler seek a protective order limiting disclosure of sensitive information. Plaintiff has not responded to the motions to quash, and the time for doing so has expired. In accordance with 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned. For the reasons set forth herein, the motion for extension of time to complete discovery (DE-30) is DENIED, and the motions to quash (DE-32, DE-36) are GRANTED.

**Motion for Extension of Time to Complete Discovery (DE-30)**

1

The scheduled deadline for completion of discovery in this case was May 3, 2012. (DE-20). Plaintiff asks for a forty-five day extension to complete discovery. Plaintiff states no grounds for her motion other than to note that she "has been attempting to depose various medical doctors and experts but has been unsuccessful at scheduling the same and hope[s] to schedule and have all depositions completed by June 1, 2012." (DE-30). Defendants oppose the request for an extension, contending that Plaintiff has failed to diligently pursue discovery in this case. As the medical providers and experts Plaintiff seeks to depose are her own, Defendants question "why these individuals could not have been deposed much earlier during the discovery period." Defendants state they are prepared to move forward with summary judgment and argue the case should not be delayed because of Plaintiff's lack of diligence.

The undersigned agrees with Defendants that Plaintiff states no good grounds warranting extension of the discovery deadline in this case. The motion for extension of time to complete discovery (DE-30) is therefore DENIED.

**Motions to Quash Subpoenas and for a Protective Order (DE-32, DE-36)**

Defendants and movant Sheriff Butler seek to quash subpoenas served on them by Plaintiff after expiration of the discovery deadline. Plaintiff's subpoenas command production of "[a]ny and all work records, complaints and/or disciplinary records and performance reports" of Defendant Dewayne Barber. Alternatively, Defendants and Sheriff Butler seek entry of a protective order preventing release of any information contained in Defendant Barber's personnel file not deemed public information.

"Upon the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that said subpoenas served outside of the discovery period are untimely." Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:11MC45, 2011 U.S. Dist. LEXIS

142830, at *6 (M.D.N.C. Dec. 12, 2011) (listing cases). Because the subpoenas at issue here were served after completion of discovery, they are untimely and should be quashed. *See id.*; *see also* Jefferson v. Biogen IDEC Inc., No. 5:11-CV-00237-F, 2012 U.S. Dist. LEXIS 48139, at *6-7 (E.D.N.C. Apr. 5, 2012) (quashing subpoenas served after completion of discovery as untimely and facially invalid). The motions to quash (DE-32, DE-36) are therefore GRANTED. As the motions to quash are granted, a protective order preventing disclosure of the personnel file is unnecessary. To the extent the motions seek entry of a protective order, they are DENIED as moot.

In summary, Plaintiff's motion for extension of time to complete discovery (DE-30) is DENIED. The motions to quash (DE-32, DE-36) are GRANTED. To the extent the motions to quash seek entry of a protective order, they are DENIED as moot.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, June 13, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE